03-74684

LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MAGISTRATE JUDGE STEVEN D. PEPE

| | |
|---|---|
| CEQUENT TOWING PRODUCTS, INC., | ) CIVIL ACTION NO. |
| Plaintiff, | ) JUDGE: |
| v. | ) COMPLAINT FOR PATENT |
| | ) INFRINGEMENT |
| CURT MANUFACTURING, INC.., | ) |
| | ) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Cequent Towing Products, Inc. ("Cequent"), for its complaint against Defendant, Curt Manufacturing, Inc. ("Curt" or "Defendant"), alleges and states as follows:

1. This is an action for damages and injunctive relief to remedy the infringement by Curt of two (2) patents assigned to and owned by Cequent. The patents relate to an adjustable trailer hitch receiver assembly.

## THE PARTIES

2. Cequent is a Delaware corporation headquartered in Plymouth, Michigan and has offices in this judicial district. Cequent manufactures, markets and sells trailer hitches, bicycle

and other article carriers, and similar products. Cequent's products are sold in this judicial district, throughout the United States and abroad.

3. Upon information and belief, Defendant is a Wisconsin corporation having its principal place of business at 6208 Industrial Drive, Eau Claire, Wisconsin 54701.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of Title 35 U.S.C. § 271 and § 281 and Title 28 U.S.C. § 1331 and § 1338(a).

5. This Court has personal jurisdiction over the Defendant based on the following: Defendant Curt has offered for sale and shipped products that infringe United States Letters Patent No. 6,578,864 and United States Letters Patent No. 6,601,868 as alleged hereafter, into the Eastern District of Michigan. Upon information and belief, Defendant maintains an established distribution network for offering for sale, selling and shipping into the Eastern District of Michigan the infringing products as well as a substantial amount of other products manufactured and sold by Defendant. Defendant's infringement in the Eastern District of Michigan and elsewhere has tortiously injured the Plaintiff, Cequent, in Michigan, and Defendant: (a) is selling and/or has sold in this judicial district products which infringe one or more claims of United States Letters Patent No. 6,578,864 and United States Letters Patent No. 6,601,868; (b) upon information and belief, regularly solicits business in this state and in this judicial district; (c) upon information and belief, engages in a persistent course of conduct by conducting business in this state and this judicial district; and (d) upon information and belief, derives substantial revenue from goods used or consumed in this state and in this judicial district.

{446839:2}

2

6. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b)(1) and (b)(2) and 1400(b).

## FACTUAL BACKGROUND

7. For over fifty years, Cequent, by and through its predecessor companies Reese Products, Inc. and the Draw-Tite Company, has been a vital supplier to the recreational towing industry and has been engaged in the business of designing, manufacturing, selling and distributing trailer hitches and similar products.

8. In particular, Cequent has developed, makes, and sells a line of high quality adjustable trailer hitch receiver assemblies that each fit multiple different vehicles, thereby allowing, e.g., a distributor to stock fewer parts to serve their end-customers' needs.

9. Upon information and belief, the Defendant manufactures, markets, sells, and distributes an adjustable hitch receiver product designated with Curt's Part No. 13695 and described as a 5,000 pound weight carrying hitch or a 10,000 pound weight distribution hitch on their product installation instructions (hereinafter "Curt Adjustable Hitch").

10. Upon information and belief, Defendant makes and sells the Curt Adjustable Hitch in the United States.

11. Upon information and belief, Defendant distributes and sells the Curt Adjustable Hitch throughout the United States and within this judicial district and Defendant has sold and shipped Curt Adjustable Hitch products into this judicial district.

12. On June 17, 2003, United States Letters Patent No. 6,578,864 titled "Multi-Fit Hitch Assembly" (the "'864 Patent") was duly and legally issued to Cequent on an application filed by Messrs. Richard W. McCoy and Marvin L. Hanson. Messrs. McCoy and Hanson assigned their

entire interest in the '864 Patent to Cequent. A copy of the '864 Patent is attached hereto as Exhibit A. Since June 17, 2003, Cequent has been and still is the owner of all right, title and interest in and to the '864 Patent, including the right to recover for infringement.

13. On August 5, 2003, United States Letters Patent No. 6,601,868 titled "Multi-Fit Hitch Assembly" (the "'868 Patent") was duly and legally issued to Cequent on an application filed by Messrs. Richard W. McCoy and Marvin L. Hanson. Messrs. McCoy and Hanson assigned their entire interest in the '868 Patent to Cequent. A copy of the '868 Patent is attached hereto as Exhibit B. Since August 5, 2003, Cequent has been and still is the owner of all right, title and interest in and to the '868 Patent, including the right to recover for infringement.

14. The Defendant has been and is now infringing, contributorily infringing, and actively inducing infringement of one or more claims of the '864 Patent by making, using, importing, offering to sell, and selling within this judicial district and elsewhere in the United States, the Curt Adjustable Hitch.

15. The Defendant has been and is now infringing, contributorily infringing, and actively inducing infringement of one or more claims of the '868 Patent by making, using, importing, offering to sell, and selling within this judicial district and elsewhere in the United States, the Curt Adjustable Hitch.

16. Upon information and belief, the Defendant has knowingly infringed the '864 and '868 Patents and Defendant's infringement has been and is willful and deliberate, and the Defendant will continue its infringing activities unless restrained by this Court.

17. Upon information and belief, the Defendant has profited and will continue to profit by its infringing activities.

{446839;2}

4

18. Cequent has been damaged by the Defendant's infringing activities and will continue to be irreparably injured unless these infringing activities are enjoined by this Court.

WHEREFORE, Cequent prays:

A. That this Court enters judgment that Cequent is the owner of United States Letters Patent No. 6,578,864;

B. That this Court enters judgment that Cequent is the owner of United States Letters Patent No. 6,601,868;

C. That this Court enters judgment that United States Letters Patent No. 6,578,864 and United States Letters Patent No. 6,601,868 are each valid and enforceable;

D. That this Court enters judgment that the Defendant has infringed one or more claims of the '864 Patent;

E. That this Court enters judgment that the Defendant has infringed one or more claims of the '868 Patent;

F. That a preliminary and permanent injunction be issued, enjoining the Defendant, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with the Defendant from further direct infringement, contributory infringement, and active inducement of infringement of the aforementioned Cequent patents;

G. That this Court award Cequent all of its damages caused by the Defendant's acts of infringement, together with interest and costs as provided for under 35 U.S.C. § 284;

H. That this Court order an accounting of the Defendant's profits arising out of its infringing activities and award Cequent those profits;

I. That this Court finds the Defendant's infringement to be willful and increases the damages to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

J. That this Court enters judgment that this case is exceptional and awards Cequent its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

K. That Cequent be awarded such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Dated: November 18, 2003

Scott N. Opincar (Ohio Reg. No. 0064027)
Michael L. Synder (Ohio Reg. No. 0040990)
Ronald D. Gutt (Ohio Reg. No. 0069220)
David B. Cupar (Ohio Reg. No. 0071622)
McDONALD HOPKINS CO., LPA
2100 Bank One Center
600 Superior Avenue, E.
Cleveland, Ohio 44114
Telephone: (216) 348-5400

Attorneys for Plaintiff
CEQUENT TOWING PRODUCTS, INC.

{446839:2}  6

## JURY DEMAND

Cequent hereby requests trial by jury of all issues so triable.

Respectfully submitted,

Dated: November 18, 2003

Scott N. Opincar (Ohio Reg. No. 0064027)
Michael L. Synder (Ohio Reg. No. 0040990)
Ronald D. Gutt (Ohio Reg. No. 0069220)
David B. Cupar (Ohio Reg. No. 0071622)
McDONALD HOPKINS CO., LPA
2100 Bank One Center
600 Superior Avenue, E.
Cleveland, Ohio 44114
Telephone: (216) 348-5400

Attorneys for Plaintiff
CEQUENT TOWING PRODUCTS, INC.

{446839:2}   7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED